19 F.3d 26
 73 A.F.T.R.2d 94-1611
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Don BEAR, Petitioner-Appellant,
v.
COMMISSIONER OF INTERNAL REVENUE SERVICE, Respondent-Appellee.
 No. 93-70509.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 23, 1994.*
Decided March 24, 1994.
 
 Before: FLETCHER, BRUNETTI, and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Don Bear appeals pro se the tax court's decision upholding the Commissioner of the Internal Revenue's ("Commissioner") determination of deficiencies in Bear's federal income tax and additions to tax due for the tax years 1984 through 1987. We have jurisdiction pursuant to 26 U.S.C. Sec. 7482, and we affirm.
 
 
 3
 * Accord and Satisfaction of Tax Liabilities
 
 
 4
 Bear contends that he extinguished his 1984 and 1985 tax liabilities by tendering a check to the IRS in November 1985 which included on the back of the check: "Endorsement of this draft constitutes agreement that all taxes, interest, penalties, or other indebtedness is paid in full through 11/30/85." This contention lacks merit.
 
 
 5
 Section 7122(a) of the Internal Revenue Code provides that the "Secretary may compromise any civil or criminal case arising under the internal revenue laws...." 26 U.S.C. Sec. 7122(a). This section provides the exclusive method of settling claims. Laurins v. CIR, 889 F.2d 910, 912 (9th Cir.1989). The regulations require that "offers in compromise shall be submitted on forms prescribed by the Internal Revenue Service ["IRS"] which may be obtained from district directors of internal revenue." 26 C.F.R. Sec. 301.7122-1(d). There is no accord and satisfaction from tax liability where the IRS cashes a taxpayer's check which contains a qualified endorsement. Laurins, 889 F.2d at 912.
 
 
 6
 Here, Bear failed to fill out the forms prescribed by the IRS regulations for settling claims with the IRS, and his endorsement of his check to the IRS is not sufficient to extinguish his tax liability. See id.
 
 II
 Additions to Tax
 
 7
 Bear contends that the Commissioner erred by imposing additions to tax against him, because he was too depressed to file tax returns or to pay the amount of tax due. This contention lacks merit. The Commissioner may impose an addition to tax for a taxpayer's failure to timely file a required tax return "unless it is shown that such failure is due to reasonable cause and not due to willful neglect." 26 U.S.C. Sec. 6651(a)(1). A delay is due to "reasonable cause" where the taxpayer "exercised ordinary business care and prudence" but still could not file the return in a timely manner. 26 C.F.R. Sec. 301.6651-1(c). The IRS has articulated a number of reasons which constitute "reasonable cause," including the "serious illness of the taxpayer." United States v. Boyle, 469 U.S. 241, 243-44, n. 1 (1985). Where the cause raised by the taxpayer is not one of the articulated reasons, the district director will determine whether the cause "appears to a person of ordinary prudence and intelligence as a reasonable cause for delay in filing a return." Id.
 
 
 8
 Here, Bear failed to introduce any evidence that would support his claim that he was too depressed to file tax returns for 1984, 1985, 1986 and 1987. Furthermore, during the period that Bear claimed illness, he held a full time job as a mechanical designer of missiles for Hughes Aircraft and completed the purchase of a residence. The tax court did not err by finding that Bear failed to establish "reasonable cause" for his failure to file a timely tax return, id., and the Commissioner correctly imposed an addition to tax. 26 U.S.C. Sec. 6651(a)(1).
 
 III
 Penalties
 A. Section 6653
 
 9
 The Commissioner will impose a tax penalty for negligence if "any part of any underpayment ... of tax required to be shown on a return is due to negligence (or disregard of rules or regulations)." 26 U.S.C. Sec. 6653(A)(1). For purposes of this section, negligence is the "lack of due care or the failure to do what a reasonable and prudent person would do under similar circumstances." Allen v. CIR, 925 F.2d 348, 353 (9th Cir.1991) (the burden of proving that an underpayment is not the result of negligence is on the taxpayer).
 
 
 10
 Bear alleges that the December 31, 1989 amendment to Section 6653 nullified his tax liabilities for earlier years. The amendment, however, was made applicable only for returns due after December 31, 1989, see Omnibus Budget Reconciliation Act of 1989, Pub.L. No. 101-239, Sec. 7721(c)(1), 103 Stat. 2395, 2399, and Bear's returns were due before this effective date. Moreover, the tax court did not clearly err by finding that Bear failed to disprove his presumed negligence in filing a late return when he did not show that he had disabling depression. Allen, 925 F.2d at 353 (" 'we review the tax court's findings of fact ... only for clear error' ") (citation omitted).
 
 B. Section 6654
 
 11
 A taxpayer who underpays his tax will also be subject to a penalty for failure to pay estimated income tax where the taxpayer does not meet a statutory exception. 26 U.S.C. Sec. 6654. Bear contends that Section 6654 does not apply to the taxable periods before December 31, 1986. The tax court did not err by concluding that Bear failed to provide any evidence in support of this claim. Bear raises for the first time on appeal the contention that he is excepted pursuant to section 6654(e)(3) as a "newly disabled" individual. This waiver, however, is unavailable without a determination by the Commissioner that Bear became newly disabled in the tax years at issue. 26 U.S.C. Sec. 6654(e)(3)(B). Because Bear did not raise his claim of new disability before the Commissioner and the Commissioner made no determination in that regard, Bear's claim of an exception from the section 6654 penalty is without merit. See id.
 
 IV
 Credit or Refund for Overpayment
 
 12
 Bear contends that the $100 overpayment he made with respect to his 1987 income tax should be credited or refunded by the IRS. A claim for credit or refund of an overpayment of tax where no return has been filed by the taxpayer must be made within two years from the date the tax was paid. 26 U.S.C. Sec. 6511(a). Here, two years from the date of payment on April 15, 1988 would be April 14, 1990. See 26 U.S.C. Sec. 6513(b)(1). Bear did not file his claim for credit or refund, however, until March 19, 1991, beyond the two-year limitation period. The tax court, therefore, did not err by concluding that Bear was not entitled to a refund or credit for the overpayment of his 1987 income tax. See id.
 
 V
 Prejudice of the Tax Court
 
 13
 Bear contends that the tax court's decision was tainted by prejudice, as evidenced by the court's statement that "there is evidence in the record ... that indicates that petitioner was a tax protester and intentionally did not file his returns." This contention lacks merit.
 
 
 14
 A judge's impartiality may be compromised when the prejudice derives from extra-judicial sources, rather than from beliefs obtained from the judge's participation in the case. Noli v. CIR, 860 F.2d 1521, 1527 (9th Cir.1988). The judge's comments that Bear was a tax protestor were derived from Bear's initial petition, where Bear took issue with the constitutionality of the federal income tax. Furthermore, the tax court's decision was well-supported by the law, and there is no evidence of prejudice from extra-judicial sources. See Noli, 860 F.2d at 1527.
 
 
 15
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3